## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, 1200 K Street, N.W., Suite 340 Washington, D.C. 20005 | ) ) ) ) ) | |
| *Plaintiff.* | ) ) | CASE NO. 1:19-cv-00669 |
| *v.* | ) ) | |
| SEARS HOLDINGS CORPORATION 3333 Beverly Road Hoffman Estates, IL 60179 | ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint against Sears Holdings Corporation ("SHC"), as administrator of Sears Holdings Pension Plan 1 and Sears Holdings Pension Plan 2 (collectively, the "Pension Plans" or "Plans"), and states:

1.      This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301- 1461 ("ERISA").

2.      By this action, PBGC seeks an order, pursuant to 29 U.S.C. §§ 1342 and 1348, (i) terminating the Pension Plans; (ii) appointing PBGC as the statutory trustee of the Pension Plans; (iii) fixing January 31, 2019 as the Pension Plans' termination date; and (iv) commanding SHC and any third parties to transfer to PBGC all of the Pension Plans' assets, information, and documents relating to the Plans.

**Jurisdiction**

3.      The Court has subject matter jurisdiction over this action pursuant to 29 U.S.C.

§ 1331 and 29 U.S.C. §§ 1303(e)(3) and 1342.

4.      The Court has personal jurisdiction over SHC under 29 U.S.C. § 1303(e)(2).

Venue is appropriate in this district pursuant to 29 U.S.C. § 1342(g).

**The Parties**

5.      Plaintiff PBGC is the federal agency and wholly owned corporation of the United

States government that administers the pension plan insurance program under Title IV of ERISA.

6.      Defendant SHC is a Delaware corporation formed in 2004, with its principal place

of business located at 3333 Beverly Road, Hoffman Estates, IL 60179.

7.      Upon information and belief, Defendant SHC is the Pension Plan's plan sponsor

and administrator within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1).[1]

**Statutory Background**

8.      PBGC may institute proceedings to terminate a defined benefit pension plan

whenever it determines that the plan has not met the minimum funding standard required by the

Internal Revenue Code or that the plan will be unable to pay benefits when due.  29 U.S.C. §

1342(a)(1), (2).

---

[1]  The plan documents for each of the Pension Plans list the "Sears Holdings Corporation
Administrative Committee (or its successor)" (the "Administrative Committee") as the
administrator for the Pension Plans within the meaning of 29 U.S.C. § 1002(16).  However, it is
unclear if the Administrative Committee still exists or if a successor has been appointed.  Rather,
SHC has represented to PBGC in formal filings with the agency that it is the administrator of the
Pension Plans.  SHC has made similar representations of its role as administrator of the Pension
Plans to the Plans' participants. PBGC hereby reserves all rights to amend this Complaint to add
defendant(s) to this action if the representations made by SHC with respect to its role as
administrator of the Pension Plans were incorrect.

9.      PBGC may institute proceedings to terminate a defined benefit pension plan whenever it determines that termination is necessary to protect the interest of the participants.  29 U.S.C. § 1342(c).

10.     After determining that a pension plan should be terminated and notifying its plan administrator of such determination, PBGC may "apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the [PBGC insurance] fund."  29 U.S.C. § 1342(c).  Alternatively, PBGC and the plan administrator may enter into an agreement to terminate the plan.  *Id.*

11.     When an underfunded defined benefit pension plan terminates, PBGC typically becomes statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits.  *See* 29 U.S.C. § 1322.

12.     The termination date of a pension plan is either agreed upon by PBGC and the plan administrator or, in the absence of an agreement, established by the district court.  29 U.S.C. § 1348(a)(4).

13.     Upon issuing a termination decree under 29 U.S.C. § 1342(c), the district court must appoint and authorize a trustee to terminate the pension plan in accordance with Title IV of ERISA.  29 U.S.C. § 1342(b),(c).  PBGC may request its appointment as trustee in any case.  29 U.S.C. § 1342(b)(1).

3

**Factual Background**

14.    Upon information and belief, the original Sears Pension Plan ("Original Plan") was established effective January 1, 1944 to cover all eligible employees of Sears, Roebuck, and Co., its former plan sponsor.  The Original Plan was fully frozen effective December 31, 2005.

15.    On January 30, 2008, the Kmart Corporation Employee Pension Plan, which was sponsored by Kmart Holding Corporation and fully frozen effective January 31, 1996, was merged with and into the Original Plan.  The resulting plan was renamed the Sears Holdings Pension Plan ("SHC Plan").  SHC became the plan sponsor of the SHC Plan.

16.    Effective December 1, 2016, the SHC Plan transferred certain benefit liabilities and assets to the newly established Sears Holdings Pension Plan 2.  The remaining SHC Plan was renamed Sears Holdings Pension Plan 1.

17.    The Pension Plans are defined benefit pension plans covered under Title IV of ERISA.  *See* 29 U.S.C. § 1002(35), 1321(a).

18.    On October 15, 2018, SHC and certain of its affiliates (collectively, the "Debtors" or the "Company") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

19.    On January 14, 2019, the Debtors commenced an auction for the sale or disposition of substantially all of the Debtors' assets pursuant to procedures approved by the Bankruptcy Court (the "Auction").

20.    On January 18, 2019, the Debtors filed a notice with the Bankruptcy Court naming Transform Holdco, LLC ("Buyer") the successful bidder at the Auction.  The Debtors further submitted to the Court an executed asset purchase agreement ("APA") between the

Debtors and the Buyer whereby, *inter alia*, the Buyer agreed to purchase substantially all of the Debtors' assets pursuant to 11 U.S.C. §§ 363, 365 (the "Sale").

21.    The Bankruptcy Court will determine whether to approve the Sale on or around February 6, 2019.

22.    Upon information and belief, SHC will cease operations as a result of the Sale. Upon further information and belief, if the Court denies the Sale, SHC will initiate an orderly liquidation and wind down of the Company.

23.    PBGC estimates that Pension Plans are collectively underfunded by approximately $1.4 billion on a termination basis.  Due to the impending Sale and/or liquidation, and the funding status of the Pension Plans, the Plans will not have assets available to pay benefits when due under their terms.

24.    On January 17, 2019, in accordance with 29 U.S.C. § 1342(c), PBGC issued Notices of Determination (the "Notices") to SHC, notifying SHC that PBGC had determined that the Pension Plans will not be able to pay benefits when due and must be terminated in order to protect the interest of the Pension Plans' participants under 29 U.S.C. § 1342.  Copies of the Notices are attached hereto as Exhibit 1.[2]

---

[2]  Along with the Notices, PBGC sent agreements to SHC that would consensually terminate the Pension Plans and appoint PBGC as statutory trustee of the Plans (the "Agreements").  SHC was informed that, if the Agreements were not executed, PBGC would initiate the current action. Instead of sending to PBGC executed Agreements, thereby consensually ending the termination and trusteeship process, SHC filed distress termination applications with PBGC on January 29, 2019 to terminate the Pension Plans pursuant to 29 U.S.C. § 1341(c) ("Distress Applications"). Given the statutory authority and discretion PBGC is afforded (and had already exercised) with respect to the termination of the Pension Plans under 29 U.S.C. § 1342, PBGC views the Distress Applications as moot and intends to move forward with terminating the Pension Plans under 29 U.S.C. § 1342 as outlined herein.

25.     On January 22, 2019, PBGC published notice in *USA Today* of its determination that the Pension Plans should terminate effective January 31, 2019.  *See* Exhibit 2.

## COUNT I

26.     PBGC realleges and incorporates by reference paragraphs 1 through 25.

27.     Under 29 U.S.C. § 1342(c), PBGC is authorized, after determining that a pension plan covered by Title IV of ERISA should be terminated, "[to] apply to the appropriate United States District Court for a decree adjudicating that the plan must be terminated in order to protect the interests of participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of [PBGC's insurance] fund."

28.     PBGC has made determinations under 29 U.S.C. § 1342(a)(2) and (c) that the Pension Plans must be terminated.  As mentioned above, PBGC issued the Notices to SHC informing SHC that PBGC had determined that the Pension Plans will not be able to pay benefits when due and must be terminated in order to protect the interest of the Pension Plans' participants under 29 U.S.C. § 1342.  Accordingly, this Court may issue a decree terminating the Pension Plans.

## COUNT II

29.     PBGC realleges and incorporates by reference paragraphs 1 through 28.

30.     Upon issuing a termination decree under 29 U.S.C. § 1342(c), a United States district court may appoint PBGC as statutory trustee of the terminated plan.  29 U.S.C. § 1342(b)(1).

31.     PBGC is willing and able to serve as statutory trustee of the Pension Plans.

32.     If appointed trustee of the Pension Plans, PBGC will complete the termination of the Pension Plans in accordance with Title IV of ERISA, pursue statutory claims for liability

under 29 U.S.C. § 1362, pay benefits under the Pension Plans in accordance with ERISA, and administer the Pension Plans in accordance with their terms and the provisions of 29 U.S.C. § 1342(d).

## COUNT III

33.     PBGC realleges and incorporates by reference paragraphs 1 through 32.

34.     The termination date of a pension plan is the date agreed to by PBGC and the plan administrator, or, in the absence of such an agreement, the date established by the Court.  29 U.S.C. § 1348(a)(3) and (a)(4).

35.     PBGC's published notice to the Pension Plans' participants of its determination that the Pension Plans must be terminated and that PBGC should become trustee of the Pension Plans extinguished participants' reasonable expectations that the Pension Plans would continue after January 31, 2019.

36.     The termination date that best serves PBGC's interests is January 31, 2019.

37.     The Court should establish January 31, 2019, as the termination date for both of the Pension Plans.

## COUNT IV

38.     PBGC realleges and incorporates by reference paragraphs 1 through 37.

39.     Under 29 U.S.C. § 1342(d), a court-appointed statutory trustee is authorized, among other things, to pay pension plan benefits and manage pension plan assets in accordance with Title IV of ERISA.

40.     To carry out its statutory duties with respect to a pension plan, the court-appointed statutory trustee must receive all pension plan assets and all documents relating to the plan, the participants, and the plan's assets.

41.     The Court should therefore order the transfer to PBGC all of the assets of the

Pension Plans and documents related to the Pension Plans, wherever located, as an incident of

appointing PBGC as statutory trustee of the Plans.


**WHEREFORE**, PBGC requests that the Court enter a judgment on all counts of this

Complaint, and the Court enter an Order:

A.  Adjudicating that the Pension Plans are terminated under 29 U.S.C. § 1342(c);

B.  Appointing PBGC statutory trustee of the Pension Plans under 29 U.S.C. § 1342(c);

C.  Establishing January 31, 2019 as the Pension Plans' termination date under 29 U.S.C. § 1348(a);

D.  Ordering SHC and all other persons or entities having possession, custody, or control over any records, assets, or other property of the Pension Plans, or any documents required to determine benefits under the Pension Plans, to transfer, convey, and deliver all such items to PBGC; and

E.  Granting such other relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: February 1, 2019                                  Respectfully submitted,

**LOCAL COUNSEL**                           /s/ Courtney L. Morgan

Brian A. Raynor                                JUDITH R. STARR

LOCKE LORD LLP                          General Counsel

111 S. Wacker Drive                     CHARLES L. FINKE

Chicago, Illinois 60606                 Deputy General Counsel

Telephone: 312-443-0700              KELLY R. CUSICK

Facsimile: 312-443-0336               GARTH W. WILSON

Email: braynor@lockelord.com       WILLIAM MCCARRON, JR.

                                           Assistant General Counsels

                                           MICHAEL I. BAIRD

                                           COURTNEY L. MORGAN

                                           ERIN C. KIM

                                         Attorneys

                                           PENSION BENEFIT GUARANTY CORP.

                                         Office of the General Counsel

                                         1200 K Street, N.W., Suite 340

                                         Washington, D.C. 20005-4026

                                         Telephone: (202) 326-4020, ext. 3738

                                         Facsimile: (202) 326-4112

                                         Emails: morgan.courtney@pbgc.gov and
                                                       efile@pbgc.gov

                                         *Counsel to Pension Benefit Guaranty Corporation*